1  Mark A. Nadeau (Arizona Bar No. 011280)
   mark.nadeau@dlapiper.com
2  DLA Piper LLP (US)
   2415 East Camelback Road, Suite 700
3  Phoenix, Arizona 85016

4  Attorneys for Defendants
   Hugo Boss USA, Inc. and Hugo Boss
5  Retail, Inc.

6

7              **IN THE UNITED STATES DISTRICT COURT**

8                **FOR THE DISTRICT OF ARIZONA**

9

| | |
|---|---|
| 10  XY SKIN CARE & COSMETICS, LLC, an Arizona limited liability company, and MICKY A. GUTIER, an individual, | Case No. 2:08-cv-01467-ECV |
| 11 | |
| 12                    Plaintiffs, | **DEFENDANTS' ANSWER AND COUNTERCLAIMS** |
| 13          vs. | **Assigned to Magistrate Judge Edward C Voss** |
| 14  HUGO BOSS USA, INC., a Delaware corporation, HUGO BOSS RETAIL, INC., a Delaware corporation, XYZ CORPORATION, ABC CORPORATION, and JOHN and JANE DOES, | |
| 15 | |
| 16 | |
| 17                    Defendants. | |
| 18  HUGO BOSS USA, INC., a Delaware corporation, HUGO BOSS RETAIL, INC., a Delaware corporation, XYZ CORPORATION, ABC CORPORATION, and JOHN and JANE DOES, | |
| 19 | |
| 20 | |
| 21                    Counterclaimants, | |
| 22  v. | |
| 23  XY SKIN CARE & COSMETICS, LLC, an Arizona limited liability company, MICKY A. GUTIER, an individual, | |
| 24 | |
| 25                    Counterdefendants. | |
| 26 | |

Defendants, Hugo Boss USA, Inc. ("Hugo Boss USA") and Hugo Boss Retail, Inc. ("Hugo Boss Retail") (collectively, the "Defendants"), for their answer to plaintiffs, XY Skin Care & Cosmetics, LLC and Micky A. Gutier's (collectively, the "Plaintiffs"), complaint (the "Complaint"), by their undersigned counsel, allege as follows:

**Introduction**

I.

Defendants acknowledge that Plaintiffs purport to state in the first sentence of paragraph I of the Complaint an action for alleged Lanham Act and related state law claims. Defendants deny the allegations in the second sentence of paragraph I of the Complaint and state that the remaining allegations as to the remedies sought by Plaintiffs are conclusions of law as to which no response is required.

**Jurisdiction and Venue**

II.

Defendants admit that this Court has subject matter and supplemental jurisdiction over this action.

III.

Defendants admit that venue is proper in this District, but deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph III of the Complaint.

**Parties**

IV.

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph IV of the Complaint and therefore deny the allegations.

V.

Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph V of the Complaint and therefore deny the allegations.

VI.

Defendants admit that Hugo Boss USA, Inc. is incorporated under the laws of the State of Delaware but denies the remaining allegations contained in paragraph VI of the Complaint.

VII.

Defendants admit that Hugo Boss Retail, Inc. is incorporated under the laws of the State of Delaware but denies the remaining allegations contained in paragraph VII of the Complaint.

VIII

Defendants admit that Hugo Boss USA, Inc. and Hugo Boss Retail, Inc. operate under license agreements with one or more related and/or affiliated companies, including Hugo Boss Trade Mark Management and Hugo Boss AG.

IX.

Defendants admit that Hugo Boss Retail maintains a store located at 7014-1296 Camelback Road, Suite 1296, Scottsdale, AZ 85251 and is qualified to do business in the State of Arizona.

X.

Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations contained in paragraph X of the Complaint and therefore deny the allegations.

## PLAINTIFF'S TRADEMARKS AND BUSINESS

### XI.

Paragraph XI calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and therefore deny the allegations.

### XII.

Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations contained in paragraph XII of the Complaint and therefore deny the allegations.  Further answering, to the extent that Plaintiffs' make allegations based on Registrations Nos. 2,909,091 and 2,921,574, the U.S. Patent and Trademark Office documents represented by these registration numbers speak for themselves.

### XIII.

Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations contained in paragraph XIII of the Complaint and therefore deny the allegations.  Further answering, to the extent that Plaintiffs' make allegations based on File No. 295240, the Arizona State documents represented by this registration number speaks for itself.

### XIV.

Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations contained in paragraph XVII of the Complaint and therefore deny the allegations.

### XV.

Defendants deny the allegations contained in paragraph XV of the Complaint, except admit that in the Fall of 2007, a marketing and advertising campaign was launched for a product line under the "XY Hugo" and "XX Hugo" marks.

### XVI.

Defendants admit the allegations contained in paragraph XVI  of the Complaint.

XVII.

Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations contained in paragraph XVII of the Complaint and therefore deny the allegations.

XVIII.

Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations contained in paragraph XVIII of the Complaint.

XIX.

Defendants deny the allegations contained in paragraph XIX of the Complaint except admit that on or about June 30, 2008, the U.S. Patent and Trademark Office issued an office action in connection with an application for registration of the "XY Hugo" mark. Further answering, the office action document speaks for itself.

XX.

Paragraph XX calls for a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph XX.

XXI.

Paragraph XXI calls for a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and therefore deny the allegations.

XXII.

Defendants deny knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations and therefore deny the allegations.

**DEFENDANT'S BUSINESS**

XXIII.

Defendants deny the allegations contained in paragraph XXIII of the Complaint except admit that Hugo Boss' manufacturing business was incorporated 1923 in Germany and Hugo Boss AG went public in 1985.

XXIV.

Defendants admit the allegations contained in the first three sentences of paragraph XXIV, but deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the final sentence of paragraph XXIV and therefore deny the allegations.

XXV.

Defendants admit that neither they nor their affiliates manufacture the actual fragrances and non-medicated skin care products that are at issue in this litigation. Defendants admit that an agreement exists with Procter & Gamble.  Defendants deny the remaining allegations in paragraph XXV.

**INFRINGEMENT AND UNFAIR COMPETITION BY DEFENDANT**

XXVI.

Paragraph XXVI calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XXVI.

XXVII.

Paragraph XXVII calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XXVII.

XXVIII.

Paragraph XVIII calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XVIII.

XXIX.

Paragraph XXIX calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XIX.

XXX.

Paragraph XXX calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XXX.

XXXI.

Paragraph XXXI calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XXXI.  Further answering, to the extent that Plaintiffs' allegations make reference a specific document, that document speaks for itself.

XXXII.

Paragraph XXXII calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XXII of the Complaint.

XXXIII.

Paragraph XXXIII calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XXXIII.

XXXIV.

Paragraph XXXIV calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XXXIV.

XXXV.

Paragraph XXXV calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XXXV.

XXXVI.

Paragraph XXXVI calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XXXVI.

XXXVII.

Paragraph XXXVII calls for a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph XXXVII.

XXXVIII.

Paragraph XXXVIII calls for a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in paragraph XXXVIII.

XXXIX.

Paragraph XXXIX calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XXXIX.

XL.

Paragraph XL calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XL.

XLI.

Paragraph XLI calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XLI.

XLII.

Paragraph XLII calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XLII.

XLIII.

**FIRST CLAIM FOR RELIEF FALSE REPRESENTATION AND FALSE DESIGNATION OF ORIGIN 15 U.S.C. §1125(a)**

Defendants incorporate by reference each of their answers to each allegation listed above as though set forth fully herein.

XLIV.

Paragraph XLIV calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XLIV.

XLV.

**SECOND CLAIM FOR RELIEF INFRINGEMENT OF FEDERALLY REGISTERED SERVICE MARK 15 U.S.C. §1114**

Defendants incorporate by reference each of their answers to each allegation listed above as though set forth fully herein.

XLVI.

Paragraph XLVI calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XLVI.

XLVII.

**THIRD CLAIM FOR RELIEF INFRINGEMENT OF STATE TRADE AND SERVICE MARK REGISTRATION A.R.S. §44-1451**

Defendants incorporate by reference each of their answers to each allegation listed above as though set forth fully herein.

XLVIII.

Paragraph XLVIII calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph XLVIII.

XLIX.

**FOURTH CLAIM FOR RELIEF ARIZONA COMMON LAW OF UNFAIR ADVERTISING COMPETITION- PALMING OFF AND FALSE ADVERTISING WARRANTING PUNITIVE DAMAGES**

Defendants incorporate by reference each of their answers to each allegation listed above as though set forth fully herein.

L.

Paragraph L calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph L.

LI.

Paragraph LI calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph LI.

LII.

Paragraph LII calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph LII.

LIII.

Paragraph LIII calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph LIII.

LIV.

Paragraph LIV calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph LIV.

LV.

Paragraph LV calls for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendants deny the allegations contained in paragraph LV.

## GENERAL DENIAL

Defendants deny any allegation by Plaintiff not expressly admitted herein.

Specifically, Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiffs' alleged products are "skin care" and/or "cosmetic(s)," as referred to in the Complaint, and therefore deny the allegations.

Specifically, Defendants deny knowledge or information sufficient to form a belief as to whether Defendants products are properly characterized as "skin care" and/or "cosmetic(s)," as referred to in the Complaint, and therefore deny the allegations.

## DEFENSES AND AFFIRMATIVE DEFENSES

As a further answer to Plaintiffs' Complaint, Defendants asserts the following defenses:

## FIRST DEFENSE

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

### (Lack of Distinctiveness)

The subject mark lacks any inherent or acquired distinctiveness and as such is unprotectable.

## THIRD DEFENSE

### (No Likelihood of Consumer Confusion)

No likelihood of confusion exists between Plaintiffs' and Defendants' marks.

**FOURTH DEFENSE**

**(Equitable Estoppel)**

Plaintiffs are precluded from obtaining the recovery it seeks because the relief sought in the Complaint is barred by the doctrines of laches and/or equitable estoppel.

**FIFTH DEFENSE**

**(Unclean Hands)**

Plaintiffs are precluded from obtaining the recovery they seek because the Complaint is barred by the doctrine of unclean hands.

**SIXTH DEFENSE**

**(Registrations Improperly Registered)**

On information and belief, Trademark Registration Nos. 2,921,574 and 2,909,091 alleged in Plaintiffs' Complaint were improperly issued by the U.S. Patent and Trademark Office because no valid specimen of actual use in commerce was submitted with the registrations and/or because the marks were not used in interstate commerce.

**SEVENTH DEFENSE**

**(Fraud in Procurement of Registration)**

Plaintiffs made misrepresentation(s) of material facts and filed false or misleading statements with the U.S. Patent and Trademark Office, including statements alleging use in commerce of the "XY Skin Care" and "XY Cosmetics" marks.  Plaintiffs also failed to disclose, thereby willfully withholding material information, the fact that the term XY is generic and not entitled to trademark protection.   Plaintiffs made these statements, representation and omissions knowing or should have known them to be false and with the intent to induce the U.S. Patent and Trademark Office to issue the trademark registrations, which the U.S. Patent and Trademark Office would not have done but for its reliance on Plaintiffs' false representations and/or omissions.  Reasonably relying on the truth of this representation, the U.S. Patent and Trademark Office issued U.S. Trademark Registration

Nos. 2,921,574 and 2,909,091.  For these reasons, these registrations are null and void and of no effect, and Plaintiffs cannot seek recovery based on these registered marks.

### EIGHTH DEFENSE

### (No Unfair Competition)

Defendants' alleged actions are protected by the privilege of competition in that they did not use wrongful means to advance a legitimate interest in competing in the free market.

### NINTH DEFENSE

### (Generic Trademark)

The trademarks at issue are for generic terms and as such the registrations were improper and the marks are invalid.

### TENTH DEFENSE

### (Preemption)

All of Plaintiffs' state-based claims are preempted by federal law.

### ELEVENTH DEFENSE

### (Violation of Antitrust Laws)

The trademarks at issue are being used/enforced by Plaintiffs in violation of U.S. antitrust laws.

### TWELFTH DEFENSE

### (No Infringement)

Defendants have not infringed and do not infringe the trademark alleged in Plaintiffs' Complaint.

### THIRTEENTH DEFENSE

### (Lack of Irreparable Harm)

Plaintiffs will suffer no irreparable harm if Defendants are permitted to continue to use said marks without obstruction or hindrance.

**FOURTEENTH DEFENSE**

**(Lack of Pecuniary Harm)**

Plaintiffs will suffer no pecuniary harm if Defendants are permitted to use said marks without obstruction or hindrance

**FIFTEENTH DEFENSE**

**(Balance of Hardships)**

The balance of hardships favors Defendants.

**SIXTEENTH DEFENSE**

**(Statue of Limitations)**

The applicable statute(s) of limitations bar all relief.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

Defendants are making fair use of the terms at issue.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Right to Raise Other Defenses)**

Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend this Answer to assert any such defenses.

**WHEREFORE,** Defendants respectfully request that the Court enter judgment in their favor and against Plaintiffs as follows:

a.   Dismissing Plaintiffs' Complaint in its entirety with prejudice;

b.   Denying Plaintiffs' request for injunctive relief and monetary damages;

c.   Ordering Plaintiffs' trademark registration be found invalid and/or unenforceable;

d.   For such other and further relief as the Court deems just and proper.

## **COUNTERCLAIMS**

Defendants and Counter-Plaintiffs Hugo Boss USA, Inc. ("Hugo Boss USA") and Hugo Boss Retail, Inc. ("Hugo Boss Retail") (collectively, the "Plaintiffs" or "Hugo Boss"), upon knowledge of their own actions and upon information and belief as to all other allegations, hereby file the following counterclaims against Plaintiffs and Counterclaim-Defendants XY Skin Care & Cosmetics, LLC ("XY Skin Care & Cosmetics"), Alberto Gutier III and Micky A. Gutier as follows:

1.      This Court has jurisdiction as to these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338, in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, 1119 and 1121 *et seq.*

2.      This Court also has supplemental jurisdiction of any remaining Counterclaims under the provisions of 28 U.S.C. § 1367(a), because the claims are so related to claims within this Court's original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution, and derive from a common nucleus of operative facts.

3.      Venue in the District Court for the District of Arizona is proper under 28 U.S.C. § 1391(b) and (c) because XY Skin Care & Cosmetics and Gutier are subject to personal jurisdiction in this district, and because XY Skin Care & Cosmetics and Gutier have brought suit against Hugo Boss in this district.

4.      Hugo Boss USA and Hugo Boss Retail are corporations duly organized under the laws of Delaware.

5.      Upon information and belief and based on pleadings as alleged in Paragraph IV of the Complaint, XY Skin Care & Cosmetics is an Arizona corporation, whose principal place of business is in Maricopa County, Arizona.

6.      Upon information and belief Alberto Gutier III is an individual residing in Maricopa County, Arizona.

7.     Upon information and belief and based on pleadings as alleged in Paragraph V of the Complaint, Micky A. Gutier is an individual residing in Maricopa County, Arizona.

## FACTS UNDERLYING THE CAUSE OF ACTION

**Background**

8.     Upon information and belief, Micky Gutier and Alberto Gutier III formed XY Skin Care & Cosmetics in June of 2002.

9.     In 2007, Hugo Boss was involved in campaign to market a new line of men's fragrances and ancillary product called "XY Hugo."  The campaign also involved the marketing of a new line of women's fragrances and ancillary product called "XX Hugo."  The marketing campaign distributed the fragrances "XX Hugo" and "XY Hugo" through standard retail channels of distribution globally.

10.     Micky Gutier alleges that he owns valid trademark rights in the terms "XY Skin Care" and "XY Cosmetics."

11.     Micky Gutier alleges that that he is owner of federally registered registrations for "XY Skin Care" and "XY Cosmetics," U.S. trademarks Registration Nos. 2,921,574 and 2,909,091, respectively.

12.     Micky Gutier alleges that that he is owner of an Arizona State service mark registration for "XY Skin Care & Cosmetics," File No. 295240.

13.     On information and belief, Micky Gutier alleges that these marks are licensed to XY Skin Care & Cosmetics.

14.     Micky Gutier alleges that Hugo Boss has infringed Gutier's U.S. trademarks Registration Nos. 2,921,574 and 2,909,091 by its use of the term "XY Hugo."

15.     XY is a generic or descriptive term meaning male.  XY is defined as a normal complement of sex hormones in a male.  Hugo Boss used the term "XY" to identify the male cologne, "XY Hugo" and used the term "XX" to identify the female perfume, "XX Hugo."

**XY Cosmetics Registration No. 2,921,574**

16.     On August 18, 2004, Gutier filed with the U.S. Patent and Trademark Office a Statement of Use for the term "XY Cosmetics."  Therein, Micky Gutier submitted a declaration as part of the Statement of Use stating that "willful false statements and the like are punishable by fine or imprisonment, or both under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document."

17.     Micky Gutier also stated, declared and represented in this Statement of Use that, inter alia, the XY Cosmetics "mark was first used by the applicant… at least as early as 08/15/2004, and first used in commerce at least as early as 08/15/2004, and is now in use in such commerce."

18.     Together with the Statement of Use filed on August 18, 2004, Micky Gutier submitted one specimen purporting to show the mark as used in commerce on or in connection with any item in the class for "cosmetics and non-medicated skin care preparations for men", in International Class 3.

19.     Upon information and belief, the statement Micky Gutier made in the Statement of Use that the "mark was first used by the applicant… at least as early as 08/15/2004, and first used in commerce at least as early as 08/15/2004, and is now in use in such commerce" is false and misleading statement.

20.     Upon information and belief, "XY Cosmetics" is not used as a mark in commerce and was not in use in commerce when the Statement of Use was filed on August 18, 2004 with the U.S. Patent and Trademark Office, and that the date of first use and date of first use in commerce declared and represented to the U.S. Patent and Trademark Office therein is a material false and misleading statement.

21.     Upon information and belief, the specimen of use filed by Micky Gutier with the U.S. Patent and Trademark Office for the purported "XY Cosmetics" mark was

not an authentic specimen used in commerce as stated, represented and claimed in the Statement of Use.

**XY Cosmetics Registration No. 2,909,091**

22.     On November 2, 2004, Micky Gutier filed with the U.S. Patent and Trademark Office a Statement of Use for the term "XY Skin Care."   Therein, Micky Gutier submitted a declaration as part of the Statement of Use stating that "willful false statements and the like are punishable by fine or imprisonment, or both under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document."

23.     Gutier also stated, declared and represented in this Statement of Use that, inter alia, the XY Skin Care "mark was first used by the applicant… at least as early as 11/01/2004, and first used in commerce at least as early as 11/01/2004, and is now in use in such commerce."

24.     Together with the Statement of Use filed on November 2, 2004, Micky Gutier submitted one specimen purporting to show the mark as used in commerce on or in connection with any item in the class for "non-medicated skin care preparations for men," in International Class 3.

25.     These dates of first use declared and sworn to by Micky Gutier in the November 2, 2004 Statement of Use are contradicted by Gutier's statements and declarations made in the Application for registration of "XY Skin Care" filed on February 22, 2003 with the U.S. Patent and Trademark Office in which Micky Gutier stated, declared and represented that "XY Skin Care" was first used as a mark at least as early as June 3, 2002, and first used in commerce at least as early as June 3, 2002.

26.     Upon information and belief "XY Skin Care" is not used as a mark in commerce and was not in use in commerce when the Application was filed on February 22, 2003 with the U.S. Patent and Trademark Office that the date of first use and date of

first use in commerce declared and represented to the U.S. Patent and Trademark Office therein is a material false and misleading statement.

27.     Upon information and belief "XY Skin Care" is not used as a mark in commerce and was not in use in commerce when the Statement of Use was filed on November 2, 2004 with the U.S. Patent and Trademark Office, and that the date of first use and date of first use in commerce declared and represented to the U.S. Patent and Trademark Office therein is a material false and misleading statement.

28.     Upon information and belief, the specimens of use filed by Micky Gutier with the U.S. Patent and Trademark Office for the purported "XY Skin Care" mark were not authentic specimens used in commerce as stated, represented and claimed in the Application and the Statement of Use.

29.     Upon information and belief, Micky Gutier and/or XY Skin Care & Cosmetics have never used "XY Skin Care" as a trademark in commerce for "cosmetics and non-medicated skin care preparations for men."

30.     Upon information and belief, Micky Gutier and/or XY Skin Care & Cosmetics have never used "XY Cosmetics" as a trademark in commerce for "non-medicated skin care preparations for men."

31.     Upon information and belief, no valid and authentic evidence exists of use in commerce of "XY Skin Care" or "XY Cosmetics" as trademarks, no valid and authentic specimens of use have been submitted to the U.S. Patent and Trademark Office or provided as part of Plaintiffs' Complaint.

**Arizona Service Mark Registration**

32.     On information and belief and based upon the allegations in Paragraph XIII of the Complaint, Micky Gutier, Alberto Gutier and/or XY Skin Care registered the service mark "XY Skin Care & Cosmetics" in June 2003.

33.    Upon information and belief, Micky Gutier, Alberto Gutier and/or XY Skin Care submitted samples allegedly containing skin care products in connection with the service mark registration application.

34.    Upon information and belief and based on the allegations in Paragraph XIII of the Complaint, Micky Gutier, Alberto Gutier and/or XY Skin Care obtained the registration for "XY Skin Care & Cosmetics" for use in a "men's line of skin care and cosmetics products."

35.    Upon information and belief, the specimens of use filed by Alberto Gutier and Micky Gutier for the purported "XY Skin Care & Cosmetics" mark were not authentic specimens used in commerce.

36.    Upon information and belief, Micky Gutier, Alberto Gutier and/or XY Skin Care & Cosmetics have never used "XY Skin Care & Cosmetics" as a mark in commerce for "skin care and cosmetics products.

**Plaintiffs' Fraudulent Conduct**

37.    Hugo Boss believes that discovery will show that neither the "XY Skin Care" or "XY Cosmetics" were used as trademarks in commerce and that the Federal registrations for these purported marks and the Arizona State registration for "XY Skin Care & Cosmetics" are all void and unenforceable.

38.    Micky Gutier made false representations and/or omissions and failed to disclose material information of fact to the U.S. Patent and Trademark Office, intended to and did procure registrations, U.S. trademarks Registration Nos. 2,921,574 and 2,909,091, to which he was not entitled.

39.    The U.S. Patent and Trademark Office would not have issued the registrations but for its reliance on Micky Gutier's false representations and/or omissions and failure to disclose material information that Gutier had a duty to disclose.

40.    Micky Gutier made false representations to the U.S. Patent and Trademark Office regarding material facts, or willfully withheld material information.

41.     Micky Gutier knew or should have known that one or more of representation made to the U.S. Patent and Trademark Office was false and, intended to and did procure registrations, U.S. Registration Nos. 2,921,574 and 2,909,091, to which he was not entitled.  The U.S. Patent and Trademark Office would not have issued the registrations but for its reliance on Micky Gutier's false representations, omissions and/or misrepresentations.

42.     For some or all of these reasons, the Arizona Secretary of State would not have issued a registration for XY Skin Care & Cosmetics but for its reliance on Alberto Gutier and Micky Gutier's false representations and/or omissions and failure to disclose material information that Alberto Gutier and Micky Gutier had a duty to disclose.

43.     Micky Gutier failed to disclose to the U.S. Patent and Trademark Office the common dictionary meaning of XY.  Micky Gutier, as the applicant, has a duty of candor to the U.S. Patent and Trademark Office and should have disclosed this information.

44.     Micky Gutier's failure to disclose to the U.S. Patent and Trademark Office that XY is a generic or descriptive term meaning male is a material misrepresentation of omission of fact.

45.     Micky Gutier in failing to disclose these facts to the U.S. Patent and Trademark Office, intended to and did procure registrations, U.S. trademarks Registration Nos. 2,921,574 and 2,909,091, to which he was not entitled.

46.     The U.S. Patent and Trademark Office would not have issued the registrations but for its reliance on Micky Gutier's false representations and/or omissions and failure to disclose material information that Micky Gutier had a duty to disclose.

47.     Micky Gutier made false representations to the U.S. Patent and Trademark Office regarding material facts, or willfully withheld material information.

48.     Micky Gutier knew or should have known that one or more of representation made to the U.S. Patent and Trademark Office was false and, intended to and did procure registrations, U.S. Registration Nos. 2,921,574 and 2,909,091, to which

he was not entitled.  The U.S. Patent and Trademark Office would not have issued the registrations but for its reliance on Micky Gutier's false representations, omissions and/or misrepresentations.

49.     For some or all of these reasons, the Arizona Secretary of State would not have issued a registration for XY Skin Care & Cosmetics but for its reliance on Alberto Gutier and Micky Gutier's false representations and/or omissions and failure to disclose material information that Alberto and Micky Gutier had a duty to disclose.

## FIRST COUNTERCLAIM

### (Declaration of Trademark Invalidity)

50.     Hugo Boss hereby incorporates and realleges the foregoing paragraphs of these Counterclaims.

51.     This claim is against XY Skin Care & Cosmetics and Micky Gutier.

52.     In Plaintiffs' Complaint, Plaintiffs rely upon federal trademark registrations for "XY Cosmetics" and "XY Skin Care," Trademark Registration Nos. 2,909,091 and 2,921,574, respectively.

53.     Hugo Boss is informed and believes that the federal trademark registrations for the marks "XY Cosmetics" and "XY Skin Care" are invalid for one or more of the reasons alleged in the Affirmative Defenses section and facts alleged in the Facts Underlying The Cause Of Action section of this Answer, which paragraphs are incorporated into this counterclaim by reference with the same force and effect as if repeated herein in full.

54.     An actual case or controversy exists between Hugo Boss and Plaintiffs, based on Plaintiffs having filed a Complaint against Defendants alleging rights in and infringement of the "XY Cosmetics" and "XY Skin Care" marks.

55.     Defendants' have incurred attorneys' fees by the filing of Plaintiffs' Complaint asserting trademark rights that are invalid and unenforceable.

56.     Declaratory relief is both appropriate and necessary to establish that trademark registrations for "XY Cosmetics" and "XY Skin Care," U.S. Registration Nos. 2,909,091 and 2,921,574, respectively are invalid and unenforceable, and that Defendants have not infringed any purported trademarks.

**SECOND COUNTERCLAIM**

**(Declaration of Noninfringement)**

57.     Hugo Boss incorporates and realleges the foregoing paragraphs of these Counterclaims.

58.     This claim is against XY Skin Care & Cosmetics and Micky Gutier.

59.     Micky Gutier alleges that he owns the mark "XY Skin Care" and "XY Cosmetics," and Gutier and XY Skin Care have brought suit against Hugo Boss for infringement of these marks.

60.     Hugo Boss has not infringed on the marks "XY Skin Care" or "XY Cosmetics."

61.     On information and belief, the term "XY" is generic.  Hugo Boss has certain rights with respect to the use of the term "XY" in that cannot constitute an infringement of the mark owned by Gutier.  Therefore, it is not possible for Hugo Boss to have infringed on Micky Gutier's mark.

62.     An actual case or controversy exists between Hugo Boss and Micky Gutier and XY Skin Care, based on Micky Gutier and XY Skin Care having filed the Complaint alleging infringement of the mark "XY Skin Care and XY Cosmetics."

63.     Hugo Boss has incurred attorneys' fees by the filing by Micky Gutier of a Complaint asserting a mark that is invalid and/or not infringed.

64.     Declaratory relief is both appropriate and necessary to establish that Hugo Boss has not infringed the mark "XY Skin Care" or "XY Cosmetics."

**THIRD COUNTERCLAIM**

**(Cancellation of Gutier's Federal Registrations)**

65.     Hugo Boss hereby incorporates and realleges the foregoing paragraphs of these Counterclaims.

66.     This claim is against XY Skin Care & Cosmetics and Micky Gutier.

67.     Hugo Boss is likely to suffer harm by continued registration of Micky Gutier's U.S. Trademark Registration No. 2,921,574 for "XY Skin Care" and U.S. Trademark Registration No. 2,909,091 for "XY Cosmetics" in that Hugo Boss has been using the term "XY Hugo" to market is products and services, and which Hugo Boss, its affiliates and/or associated parties have a valid and legal right to use.  Hugo Boss is likely to be harmed by continued registration of Micky Gutier's U.S. Trademark Registration No. 2,921,574 and U.S. Trademark Registration No. 2,909,091 in that the prima facie evidentiary effect of this registration may tend to impair Hugo Boss's, its affiliates' and/or associated parties right to use of the term.

68.     Upon information and belief, the marks "XY Skin Care" and "XY Cosmetics" have not been used in commerce for a period of three or more years and, thus, Micky Gutier has abandoned any purported trademark rights he may have had to these marks.

69.     Micky Gutier's  U.S. Trademark Registration No. 2,921,574  and U.S. Trademark Registration No. 2,909,091 should therefore be cancelled pursuant to 15 U.S.C. § 1119.

**FOURTH COUNTERCLAIM**

**(Cancellation of Gutier's Arizona Service Mark Registration)**

70.     Hugo Boss hereby incorporates and realleges the foregoing paragraphs of these Counterclaims.

71.     This claim is against XY Skin Care & Cosmetics and Micky Gutier and Alberto Gutier, III.

72.     Hugo Boss is likely to suffer harm by continued registration of Micky Gutier and Alberto Gutier's Arizona service mark File No. 295240 for "XY Skin Care & Cosmetics" in that Hugo Boss has been using the term "XY Hugo" to market is products and services, and which Hugo Boss, its affiliates and/or associated parties have a valid and legal right to use.  Hugo Boss is likely to be harmed by continued registration of Micky Gutier and Alberto Gutier's Arizona service mark File No. 295240 in that the prima facie evidentiary effect of this registration may tend to impair Hugo Boss's, its affiliates' and/or associated parties right to use of the term.

73.     Upon information and belief, the mark "XY Skin Care & Cosmetics" has not been used in commerce and, thus, Micky Gutier and Alberto Gutier have abandoned any purported trademark rights they may have had to these marks.

74.     Micky Gutier and Alberto Gutier's Arizona service mark File No. 295240 should therefore be cancelled pursuant to A.R.S. § 44-1451.

## FIFTH COUNTERCLAIM

### (Fraud)

75.     Hugo Boss realleges and incorporates herein by reference the foregoing paragraphs of these Counterclaims as though set forth fully herein.

76.     This claim is against XY Skin Care & Cosmetics and Micky Gutier.

77.     On information and belief, on February 2, 2003 Micky Gutier filed an Application with the U.S. Patent and Trademark Office for the registration of "XY Skin Care" stating that the purported trademark was first used in commerce on June 2, 2002.

78.     On information and belief, on November 2, 2004 Micky Gutier filed a Statement of Use with the US Patent and Trademark Office in connection with the application for "XY Skin Care" stating that the purported trademark was first used in commerce on November 1, 2004.

79.     Together with the Statement of Use filed for "XY Skin Care" Micky Gutier filed a specimen of use consisting of a photograph of a 2 oz. jar of a skin care product.

80.     On information and belief, Hugo Boss believes that discovery will show that these alleged dated of first use are material misrepresentations of fact and that the specimen submitted is not authentic and false.

81.     On information and belief, on August 18, 2004 Micky Gutier filed a Statement of Use with the U.S. Patent and Trademark Office in connection with the application for "XY Cosmetics" stating that the purported trademark was first used in commerce on August 15, 2004.

82.     Together with the Statement of Use filed for "XY Cosmetics" Micky Gutier filed a specimen of use consisting of a photograph of what appear to be pencils.

83.     On information and belief, Hugo Boss believes that discovery will show that these alleged dated of first use are material misrepresentations of fact and that the specimen submitted is not authentic and false.

84.     On information and belief, Micky Gutier knew that the term "XY" was generic or descriptive but failed to disclose this information to the U.S. Patent and Trademark Office.

85.     Micky Gutier, in failing to disclose these facts to the U.S. Patent and Trademark Office, intended to and did procure registrations, U.S. trademarks Registration Nos. 2,921,574 and 2,909,091, to which he was not entitled.

86.     The U.S. Patent and Trademark Office would not have issued the registrations but for its reliance on Gutier's false representations and/or omissions and failure to disclose material information that Micky Gutier had a duty to disclose.

87.     Micky Gutier made false representations to the U.S. Patent and Trademark Office regarding material facts, or willfully withheld material information.

88.     Micky Gutier knew or should have known that one or more of representation made to the U.S. Patent and Trademark Office was false and, intended to and did procure registrations, U.S. Registration Nos. 2,921,574 and 2,909,091, to which he was not entitled.  The U.S. Patent and Trademark Office would not have issued the

registrations but for its reliance on Micky Gutier's false representations, omissions and/or misrepresentations.

89.     For some or all of these reasons, the Arizona Secretary of State would not have issued a registration for "XY Skin Care & Cosmetics" but for its reliance on Alberto and Micky Gutier's false representations and/or Alberto and Micky Gutier's omissions and failure to disclose material information that Alberto and Micky Gutier had a duty to disclose.

90.     On information and belief, the marks "XY Cosmetics," U.S. Trademark Registration No. 2,909,091, and "XY Skin Care," U.S. Trademark Registration No. 2,921,574, are thus invalid and unenforceable.

91.     On information and belief, the mark "XY Skin Care & Cosmetics," Arizona State service mark File No. 295240, are thus invalid and unenforceable.

**WHEREFORE,** Hugo Boss is entitled to the following relief:

(i)     a finding that the alleged trademarks "XY Cosmetics" and "XY Skin Care" are invalid and unenforceable;

(ii)     a finding that the alleged trademarks "XY Skin Care & Cosmetics" is invalid and unenforceable;

(iii)     dismissal of Micky Gutier and XY Skin Care's Complaint against Defendants based on the invalid and unenforceable mark "XY Cosmetics," "XY Skin Care" and "XY Skin Care & Cosmetics";

(iv)     that this Court exercise its power under 15 U.S.C. § 1119, to order the Commissioner of Patents and Trademarks to cancel the registration of Gutier's U.S. Trademark Registration No. 2,921,574  and U.S. Trademark Registration No. 2,909,091 marks;

(v)     that this Court exercise its power to cancel the Arizona State service mark File No. 295240;

1            (vi)    a declaration that Hugo Boss is not infringing any of Plaintiffs'

2    trademark rights;

3            (vii)   damages to compensate Hugo Boss for defending this action;

4            (viii)  the costs of this action and attorneys' fees pursuant to 15 U.S.C. §

5    1125(d); and

6            (ix)    such other and further relief as the Court deems just and proper.

7    **RESPECTFULLY SUBMITTED** this 23rd day of September, 2008.

8

9    By:   s/ Mark A. Nadeau
             Mark A. Nadeau

10           mark.nadeau@dlapiper.com
             DLA Piper LLP (US)
             2415 East Camelback Road, Suite 700

11           Phoenix, Arizona 85016

12           Attorneys for Defendants
             Hugo Boss USA, Inc. and Hugo Boss

13           Retail, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## CERTIFICATE OF SERVICE

2

3           I hereby certify that on September 23, 2008, I electronically transmitted the
attached document to the Clerk's Office using the CM/ECF System for filing and
transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

4

5                     Roger W. Strassburg, Jr. (No. 16314)
                      9117 East Los Gatos Drive
6                     Scottsdale, AZ 85225
                      *Attorney for Plaintiff*
7

8           A copy of the foregoing delivered this 23rd day of September, 2008 to:

9                     Micky Gutier
                      6137 N. Central Avenue
10                    Phoenix, AZ 85012

11

12   s/      Patricia Kelly

13

14

15

16

17

18

19

20

21

22

23

24

25

26