wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XY Skin Care & Cosmetics, LLC, et al., | No. CV-08-1467-PHX-ROS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Hugo Boss USA, Inc., et al., | |
| Defendants. | |

**Procedural History**

On August 8, 2008, Plaintiffs filed a four-count Complaint under federal and state law for trademark infringement, false representation/designation of origin and unfair competition (Doc. 1). On December 29, 2008, the Complaint was amended to join Plaintiff Alberto Gutier III (Doc. 26). On January 16, 2009, Defendants answered the First Amended Complaint and filed a five-count Counterclaim alleging fraud and seeking cancellation of Plaintiffs' trademarks as well as related declaratory relief (Doc. 35). On February 4, 2009, Plaintiffs answered the Counterclaim (Doc. 45). On February 24, 2009, Defendants moved to strike portions of Plaintiffs' Answer, pursuant to Federal Rule of Civil Procedure 12(f) (Doc. 46). On March 6, 2009. Plaintiffs responded and moved to amend the Answer (Doc. 48). On March 20, 2009, Defendants replied and contested Plaintiffs' Motion to Amend (Doc. 52). Currently before the Court are Defendants' Motion to Strike (Doc. 46) and Plaintiffs' Motion to Amend (Doc. 48), both of which will be granted in part.

**Discussion**

**1. Standard**

Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") permits a pleading to be struck, in whole or in part, for advancing "an insufficient defense or" containing "any redundant, immaterial, impertinent, or scandalous matter." Such action may be taken either on motion or *sua sponte*. See Fed. R. Civ. P. 12(f) ("The court may act . . . on its own; or . . . on motion made by a party"). The decision to strike a pleading is within the discretion of the trial court. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (Rule 12(f) ruling reviewed for abuse of discretion), *rev'd on other grounds in* Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). However, Rule 12(f) motions "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Mag Instrument, Inc. v. JS Prod.'s, Inc., 595 F. Supp.2d 1102, 1106 (C.D. Cal. 2008) (internal citation omitted).[1]

Accordingly, a Rule 12(f) movant not only must demonstrate the allegedly offending material is redundant, immaterial, impertinent, or scandalous, or constitutes an insufficient defense, but must also show how such material will cause prejudice. See Id. ("Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief.") (citing Neilson v. Union Bank of Cal., N.A., 290 F. Supp.2d 1101, 1152 (C.D. Cal. 2003)); accord Sec. & Exch. Comm'n v. Sands, 902 F. Supp. 1149, 1165-66 (C.D. Cal.1995). Any doubt concerning the redundancy, immateriality, impertinence, scandalousness or insufficiency of all or part of a pleading must be resolved in favor of the non-movant.[2]

---

[1] See also e.g. State of Cal. ex rel. State Lands Comm'n v. U.S., 512 F. Supp. 36, 38 (N.D. Cal. 1981) ("Motions to strike are often looked on with disfavor because of the tendency for such motions to be asserted for dilatory purposes."); Student Loan Mktg. Ass'n v. Hanes, 181 F.R.D. 629, 632 (S.D. Cal. 1998) ("Motions to strike are disfavored and are rarely granted.").

[2] See e.g. Rosales v. Citibank, Fed. Sav. Bank, 133 F. Supp.2d 1177, 1180 (N.D. Cal. 2001) ("Motions to strike are generally not granted unless it is clear that the matter sought to be stricken

**2. Motion to Strike**

Defendants argue specific portions of Plaintiffs' Answer must be struck for "improperly assert[ing] material which is redundant, immaterial, or impertinent" and for failing "to comply with the pleading requirements set forth by Fed. R. Civ. P. 8" (Doc. 46 at 5). According to Defendants, certain passages of the Answer "do not fairly respond to the substance of the allegation[s]," "improperly attempt to convert factual statements of the Plaintiffs' allegations into 'admissions,'" and "improperly assert extraneous and immaterial matter," including conclusions of law and unauthenticated digital images (Doc. 46 at 5-6). However, these arguments provide little specificity or explanation concerning why the cited passages are unfair, improper or immaterial and such vague assertions fall below the level of particularity required to prevail on a Rule 12(f) motion. See e.g. Wailua Assoc.'s, 183 F.R.D. at 553-54 ("Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied") (citing James Wm. Moore, 2A Moore's Federal Practice & Procedure § 12.21[1]). Moreover, Defendants fail to make specific allegations of prejudice, resting on the conclusory argument that "such statements prejudice Defendants insofar as they inaccurately construe Defendants' allegations" (Doc. 46 at 5). See e.g. Mag Instrument, Inc., 595 F. Supp.2d at 1106 ("Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief.) (citing Neilson, 290 F. Supp.2d at 1152); accord Sec. & Exch. Comm'n, 902 F. Supp. at 1165-66. Nor is Defendants' position supported by the cited cases, which describe factual scenarios far removed from the present circumstances. See Fantasy, Inc., 984 F.2d at 1527-28 (portions of a counterclaim struck for

---

could have no possible bearing on the subject matter of the litigation."); Dealertrack, Inc. v. Huber, 460 F. Supp.2d 1177, 1184 (C.D. Cal. 2006) ("In reviewing a Motion to Strike under the Federal Rule of Civil Procedure 12(f), the Court must 'view the pleading in the light most favorable to the non-moving party, and resolve any doubt as to the relevance of the challenged allegations in favor of the non-moving party.'") (citing Neilson, 290 F. Supp.2d at 1152; Wailua Assoc.'s v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 553-54 (D. Haw. 1998) (same).

raising exhausted claims); Peacock v. U.S., 125 F. 583, 587-88 (9th Cir. 1903) (answer sruck for wholly failing to respond to allegations); Pepsico, Inc. v. J.K. Distrib.'s, Inc., 2007 WL 2852647, *2 (C.D. Cal. 2007) (affirmative defense struck for legal insufficiency).

Only two of Defendants' arguments are sufficiently specific to warrant further attention: paragraph 15 of the Answer must be struck for improperly including voluminous legal citation and paragraphs 17-18, 23-24, 81 and 84 must be struck for improperly incorporating digital images. With respect to paragraph 15, Plaintiffs have stipulated to removing all legal citation and reducing the response to a reasonable length (Docs. 48-49). This issue is thus moot. With respect to the digital images contained or referenced in paragraphs 17-18, 23-24, 81 and 84, the Court agrees with Defendants that such images are inappropriate for a pleading. Federal Rule of Civil Procedure 10 ("Rule 10") outlines the proper form for pleadings and makes limited provision for the incorporation of evidence, restricting evidentiary submissions to "written instrument[s]" and requiring such submissions be attached as "exhibit[s]." Fed. R. Civ. P. 10(c); see also e.g. Pogue v. Yates, 2008 WL 220138, *2 (E.D. Cal. 2008) ("[W]ith regard to exhibits intended to support a complaint, such exhibits must be attached to the complaint and must be incorporated by reference.") (citing Fed. R. Civ. P. 10(c)).[3] Not only are Plaintiffs' evidentiary images not properly attached to the Answer as exhibits, but they are not permissible "written instruments" as contemplated in Rule 10(c). See e.g. DeMarco v. DepoTech Corp., 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) ("A 'written instrument' within the meaning of Rule 10(c) is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement.") (citing Murphy v. Cadillac Rubber & Plastics, Inc., 946 F. Supp. 1108, 1115 (W.D. N.Y. 1996)); accord U.S. v. Int'l Longshoremen's Ass'n, 518 F. Supp. 2d 422, 465 (E.D. N.Y. 2007). The images will thus be struck.

---

[3] Federal Rule of Civil Procedure 7(a)(3) categorizes an answer to a counterclaim as a pleading.

Accordingly,

**IT IS ORDERED** Defendants' Motion to Strike (Doc. 46) **IS GRANTED IN PART**.

**FURTHER ORDERED** Plaintiffs' Motion to Amend (Doc. 48) **IS GRANTED IN PART**.

**FURTHER ORDERED** Plaintiffs shall revise the proposed amended answer (Doc. 49), eliminating all digital images and references to digital images, and submit the revised Amended Answer **WITHIN TEN DAYS OF THIS ORDER**.

DATED this 4th day of August, 2009.

_____
Roslyn O. Silver
United States District Judge